UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIAN AWAH TANDONG,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-05162-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 7, 8) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2026, the magistrate judge issued findings and recommendations recommending that petitioner's habeas petition (Doc. No. 1) be granted. (Doc. No. 7.) Specifically, the magistrate judge first determined that respondents are mandatorily detaining petitioner pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). (*Id.* at 4.) The magistrate judge then applied the three-factor test set forth in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) test

/////

/////

/////

to petitioner's claim that her prolonged detention violates due process.[1] (*Id.* at 4–7.) The magistrate judge determined that petitioner's eight-month long detention and the likelihood that her detention would continue in light of her pending appeal before the Board of Immigration Appeals ("BIA") weigh in favor of petitioner. (*Id.* at 8–9.) The magistrate judge also found that consideration of the third factor, any delays in removal proceedings, was neutral because the reason for the delay in the removal proceedings could not be determined. (*Id.* at 10.) Finally, the magistrate judge concluded that consideration of the *Lopez* factors weighed in favor of granting petitioner relief, and that the appropriate relief under the circumstances presented is petitioner's immediate release.[2] (*Id.*) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days of service. (*Id.* at 11.)

On August 13, 2026, respondents filed objections to the findings and recommendations which are comprised of a single sentence stating that respondents object for the reasons stated in its prior briefing. (Doc. No. 9.) These objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations filed on August 7, 2026 (Doc. No. 7), are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1), is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Lilian Awah Tandong, A-File No. 221-421-966, from respondents' custody;

---

[1] The *Lopez* test considers the total length of detention, the likely duration of future detention, and whether any delays in removal proceedings have been caused by petitioner or respondents. *Lopez*, 631 F. Supp. 3d at 879.

[2] The magistrate judge noted that if he were to apply the *Mathews v. Eldridge*, 424 U.S. 319 (1976) test, he would also conclude that petitioner is entitled to the same relief. (*Id.* at 7 n.5.)

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence with no less than seven (7) days' notice prior to the hearing;

3. Petitioner's motion to appoint counsel (Doc. No. 8) is DENIED as having been rendered moot by this order granting her habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE